UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DERICO FULLER,<br><br>　　　　　　　　Defendant. | CASE NO. CR17-0324JLR<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1) |

## I.　INTRODUCTION

Before the court is Defendant Derico Fuller's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). (Mot. (Dkt. # 38).) Plaintiff United States of America ("the Government") opposes the motion. (*See* Resp. (Dkt. # 43).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Fuller's motion for compassionate release.

//

//

ORDER - 1

## II. BACKGROUND

On December 22, 2017, the Government charged Mr. Fuller with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344(1) and (2) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (*See* Information (Dkt. # 1).) Mr. Fuller pleaded guilty to both charges on January 4, 2018. (*See* Plea Agmt. (Dkt. # 10).) On July 2, 2018, the court sentenced Mr. Fuller to 65 months imprisonment and five years of supervised release. (*See* Judgment (Dkt. # 27) at 1-3.) Mr. Fuller is currently housed at a minimum security camp at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). (Zink Decl. (Dkt. # 39) ¶ 4.) Mr. Fuller alleges that his expected release date is November 29, 2021, meaning that he has more than 19 months remaining on his sentence. (*See* Mot. at 4.)

Mr. Fuller argues that he is entitled to compassionate release because he has asthma and sleep apnea, which he alleges puts him at a higher risk of suffering complications from COVID-19 if he contracts the disease while incarcerated. (*See* Mot. at 1-4.) Mr. Fuller did not include any documentary evidence in support of his alleged medical conditions. Instead, the sole evidence Mr. Fuller provides in support of his allegation regarding his medical conditions is a one sentence statement from his counsel that states "Mr. Fuller's medical conditions include asthma and sleep apnea." (Zink Decl. ¶ 4.) Although Mr. Fuller's motion does not state his age, Mr. Fuller submitted a letter to the court in support of his sentencing memorandum in which he stated that he was 38 years old at the time of sentencing. (*See* Def. Supp. Sent. Materials (Dkt. # 25-1) at 1.) Thus, Mr. Fuller is no more than 40 years old. Mr. Fuller's motion is not supported by

any evidence of his specific conditions of confinement at FCI Sheridan or regarding steps that FCI Sheridan is taking to prevent the spread of COVID-19 at the facility. (*See generally* Zink Decl.; Dkt.)

Mr. Fuller's counsel emailed the Bureau of Prisons ("BOP") at 4:03 PM on Friday, April 3, 2020, requesting compassionate release for Mr. Fuller. (*See* Zink Decl. ¶ 2, Ex. 1.) Counsel's email to BOP makes no mention of the asthma and sleep apnea conditions that now serve as the basis for Mr. Fuller's motion. (*See id.*) Mr. Fuller's counsel attests that at the time she filed the current motion, neither she nor Mr. Fuller had received a response to her email. (*See id.* ¶ 3.) According to the court's records, Mr. Fuller filed this motion at 2:30 PM on Monday, April 6, 2020—less than one full business day after his counsel emailed BOP. (*See id.* ¶ 2, Ex. 1.)

### III. ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010) (quoting 18 U.S.C. § 3582(b)). One such circumstance is a motion for compassionate relief under 18 U.S.C. § 3582(c)(1). Under that statute, and court may consider a motion to modify a term of imprisonment in one of three circumstances: (1) "upon motion of the Director of the Bureau of Prisons"; (2) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf; or (3) after "the lapse of 30 days from the receipt of such a

//

request [for a motion from the BOP on the defendant's behalf] by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The court denies Mr. Fuller's motion for compassionate relief based on his failure to comply with the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). Because Mr. Fuller filed this motion on his own behalf, the court may consider this motion only if Mr. Fuller has "fully exhausted all administrative rights to appeal" or if 30 days have lapsed since the BOP has received a request for compassionate release from Mr. Fuller. *See id.* Mr. Fuller emailed a petition for compassionate release to BOP on April 3, 2020 (Zink Decl. ¶ 2, Ex. 1), and filed this motion three days later, on April 6, 2020 (*see* Mot. at 12.) As of the time Mr. Fuller filed his motion, BOP had not responded to his request for compassionate release. (*See* Zink Decl. ¶ 3.) Thus, Mr. Fuller has not exhausted his administrative remedies or waited for a response from BOP for 30 days as required by § 3852(c)(1)(A). Indeed, Mr. Fuller concedes that he has not complied with the statutory requirements for filing this action. (*See* Mot. at 4-8.)

Mr. Fuller argues that his "failure to exhaust administrative remedies should be excused" due to the urgency created by COVID-19. (*See id.*) But Mr. Fuller failed to cite any binding Ninth Circuit or Supreme Court caselaw indicating that the court has authority to create judicial exceptions to the exhaustion requirement in § 3582(c)(1)(A)(i). (*See id.*) To the contrary, this court and other district courts in the Ninth Circuit who have considered this exact issue—whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic—have near unanimously concluded that failure to exhaust

administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19.[1] *See, e.g.*, *United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) ("[T]he Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, [18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020) (concluding that defendant was not entitled to compassionate release where defendant "did not exhaust his administrative remedies"); *United States v. Schuett*, No. 214CR00364JADGWF, 2020 WL 1677080, at *1 n.7 (D. Nev. Apr. 6, 2020) ("Although the COVID-19 crisis may be a consideration for compassionate release, particularly in light of Schuett's documented medical challenges, he has not demonstrated that he has exhausted his administrative rights for such a release with the BOP."); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute. . . . [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief

---

[1] Mr. Fuller identified one in-circuit case in which the court considered a motion for compassionate release despite the defendant's failure to strictly comply with 18 U.S.C. § 3582(c)(1)(A)'s 30-day waiting period. *See United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020). In that case, however, the court found that the defendant had "effectively exhausted her administrative remedies" based on the fact that she had petitioned the BOP and been directly informed by BOP that "she does not have any other administrative path or remedies she can pursue." *See id.* In this case, in contrast, Mr. Fuller filed his motion for release without receiving any response from BOP to his petition for compassionate release, which was emailed to the BOP only one business day before Mr. Fuller filed this motion. (*See* Zink Decl. ¶¶ 2-3, Ex. 1.) Thus, *Gonzalez* is not applicable to the facts of this case.

Defendant seeks.") *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020) (denying motion for compassionate release based on failure to exhaust administrative remedies and noting that "issues such as Mr. Garza's medical condition, the conditions and resources at Terminal Island (including the availability of testing and treatment), and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to [BOP] and its institutional expertise"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i).").

The court sees no reason to break step with these decisions. The terms of § 3582(c)(1)(A) are plain. Pursuant to that provision, the court may modify a term of imprisonment only in one of the three circumstances enumerated in the statute. *See* 18 U.S.C. § 3582(c)(1)(A). Because Mr. Fuller has filed this motion on his own behalf without first exhausting his administrative remedies or providing BOP with 30 days to respond to his request, the court lacks authority to consider his motion for compassionate release. Accordingly, the court DENIES Mr. Fuller's motion without prejudice to re-filing the motion once he complies with the exhaustion requirements of § 3582(c)(1)(A).

Although the court does not reach the merits of Mr. Fuller's request, the court cautions Mr. Fuller that it considers motions for release from imprisonment due to the COVID-19 pandemic to be highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Thus, requests for

//

release that are based on vague, generalized, or unsupported allegations are unlikely to receive favorable consideration.

### IV.    CONCLUSION

For the reasons set forth above, Mr. Fuller's motion for compassionate release (Dkt. # 38) is DENIED without prejudice to re-filing upon satisfaction of the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).

Dated this 13th day of April, 2020.

JAMES L. ROBART
United States District Judge